# United States District Court

## WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**

v.

**Julian Christian Thurman**

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 1:08 Cr 134

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

- [ ] (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
    - [ ] a crime of violence as defined in 18 U.S.C.§3156(a)(4).
    - [ ] an offense for which the maximum sentence is life imprisonment or death.
    - [ ] an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
    - [ ] a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.
- [ ] (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- [ ] (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).
- [ ] (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

- [x] (1) There is probable cause to believe that the defendant has committed an offense
    - [x] for which a maximum term of imprisonment of ten years or more is prescribed in Controlled Substance Act
    - [x] under 18 U.S.C.§924(c).
- [x] (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

- [x] (1) There is a serious risk that the defendant will not appear.
- [x] (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that

defendant is a 30-year old man with no stable residence and no substantial work history. He collects SSI disability yet has several cars, has rented many more cars, and has been apprehended with large sums of cash. From 1995 to December 26, 2005, he was in prison, and was on parole from 2005 until November 22, 2007. He has a daily marijuana and crack cocaine habit, and he admits using these drugs while on parole. Defendant has a long and serious criminal history, beginning with

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: May 30, 2008

/s/ Joseph G. Scoville
*Signature of Judicial Officer*

Joseph G. Scoville, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

United States v. **Julian Christian Thurman**
1:08 Cr 134
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B)** - (continued)

X  There is a serious risk that defendant will intimidate witnesses and attempt to obstruct justice.

**Part II - Written Statement of Reasons for Detention** - (continued)

numerous juvenile adjudications and placements.  These included both drug crimes and crimes of violence.  His adult convictions include crack cocaine delivery (1994), receiving stolen property (1994), three counts of assault with intent to do great bodily harm less than murder and possession of a firearm during commission of a felony (1995).  The 1995 convictions arose from defendant's firing at least 12 shots at three people.  In addition to these convictions, defendant has arrests in 2006 and 2007, while he was on parole, for assaultive behavior, but the cases were dropped when the alleged victims refused to testify.

In the present case, defendant is charged with possession of 50 grams or more of crack cocaine, possession of firearms by a felon, and possession of firearms in furtherance of a drug trafficking crime.  These charges arise out of incidents that occurred in December 2007, only days after defendant completed state parole.  At the detention hearing, the government presented the testimony of Shenean Harris, defendant's girlfriend and an extremely recalcitrant witness, which established that defendant threatened and intimidated Harris last week after he learned that she testified before the Grand Jury in this case.